IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Ronald Banks, *et al.*, | * | |
| Plaintiffs, | * | Civil Action No. RDB-13-2294 |
| v. | * | |
| Wet Dog Inc., *et. al.*, | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM OPINION**

Plaintiffs Ronald Banks, William Fletcher, Wayne Gross, Shawn Palmer, Antonio Roberts, Linwood Collins, Scott Welzel, John Petrovich, Patrick Dixon, Juliana Anderson, David Jones, Michael Johnson, and Warrington Baker (collectively "Plaintiffs"), on behalf of themselves and those similarly situated, filed a four count complaint (ECF No. 1) against their former employer Wet Dog, Inc., Wet Dog II, LLC, and David R. Donovan ("Wet Dog" or "Defendant") for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Presently pending is Plaintiffs' Motion for Conditional Certification of a Collective Action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("Motion for Conditional Certification")(ECF No. 28). Defendants filed a Response in Opposition to Plaintiff's Motion (ECF No. 29), and Plaintiffs subsequently filed a Reply (ECF No. 32). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6

(D. Md. 2014). For the reasons described herein, Plaintiffs' Motion for Conditional Certification (ECF No. 28) is GRANTED.

## BACKGROUND

The alleged facts remain as recounted in this Court's memorandum Opinion on August 28, 2014 (ECF no. 33). To summarize, Plaintiffs Julianna Anderson, Warrington Baker, Ronald Banks, Linwood Collins, Patrick Dixon, William Fletcher, Wayne Gross, Michael Johnson, David Jones, Shawn Palmer, John Petrovich, Antonio Roberts, and Scott Wetzel (collectively "Plaintiffs") worked as car washers and detailers at Defendants Wet Dog, Inc., Wet Dog II, LLC, or at both entities for varying periods between January 2011 and the present. Plaintiffs allege that they were the subjects of a common employment scheme that violated the minimum wage and overtime provisions of the FLSA. Among other alleged violations, Plaintiffs claim that Defendants' employment policies required employees to remain on Defendants' premises for 'idle periods' without pay. Under the policy, employees could 'clock in' only when customers arrived for car washes. After each car wash was complete, employees were required to 'clock out' and to remain on Defendants' premises until new customers arrived. Plaintiffs allege that, as a result of this policy, they were compensated below the $7.25 minimum wage and without the overtime pay to which they were entitled.

Plaintiffs filed the present motion on April 12, 2014 (ECF No. 28), at which time this Court had not yet ruled on Defendants' Motion to Dismiss (ECF No. 25). On August 28, 2014, this Court denied Defendants' Motion to Dismiss (ECF No. 34), but explained that

Plaintiffs' Motion for Conditional Certification would be considered separately. Defendants oppose the present Motion for Conditional Certification. *See* Defs.' Response in Opp'n to Pls.' Mot. to Certify Class, ECF No. 29.

## STANDARD OF REVIEW

Under the FLSA, a plaintiff may bring an action on behalf of himself and other employees so long as the other employees are "similarly situated" to the plaintiff. 29 U.S.C. § 216(b); *see also Quinteros v. Sparkle Cleaning, Inc.,* 532 F. Supp. 2d 762, 771 (D. Md. 2008). Section 216(b) provides, in relevant part, that:

> An action . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). Section 216 "establishes an 'opt-in' scheme, whereby potential plaintiffs must affirmatively notify the court of their intentions to be a party to the suit." *Quinteros,* 532 F. Supp. 2d at 771 (citing *Camper v. Home Quality Mgmt., Inc.,* 200 F.R.D. 516, 519 (D. Md. 2000)).

## ANALYSIS

Courts employ a two-step inquiry when deciding whether to certify a collective action under the FLSA. *Syrja v. Westat, Inc.,* 756 F. Supp. 2d 682, 686 (D. Md. 2010). First, upon a minimal evidentiary showing that a plaintiff can meet the substantive requirements of 29

U.S.C. § 216(b), the plaintiff may proceed with a collective action on a provisional basis. Second, following discovery, the court engages in a more stringent inquiry to determine whether the plaintiff class is "similarly situated" in accordance with the requirements of § 216. *Rawls v. Augustine Home Health Care, Inc.,* 244 F.R.D. 298, 300 (D. Md. 2007) (internal citations omitted). The Court then renders a final decision regarding the propriety of proceeding as a collective action. *Id.* The second, more "stringent" phase of collective action certification under the FLSA is often prompted by a defendant's filing of a motion to decertify, and thus is referred to as the "decertification stage." *See Syrja*, 756 F. Supp. 2d at 686.

Whether to grant conditional certification is a matter of the court's discretion. *Syrja,* 756 F. Supp. 2d at 686 (stating that "[d]eterminations of the appropriateness of conditional collective action certification . . . are left to the court's discretion[]"); *see also Hoffmann–La Roche, Inc. v. Sperling,* 493 U.S. 165, 169 (1989). As the Court has explained, the "paramount issue in determining the appropriateness of a conditional class certification is whether plaintiffs have demonstrated that potential class members are 'similarly situated.'" *Williams v. Long,* 585 F. Supp. 2d 679, 684 (D. Md. 2008).

Plaintiffs bear the burden of showing that their claims are "similarly situated," but courts have ruled that "similarly situated" need not mean "identical." *See, e.g., Hipp v. Liberty Nat. Life Ins. Co.,* 252 F.3d 1208, 1217 (11th Cir. 2001). This Court has held that a group of FLSA plaintiffs is similarly situated if they can show they were victims of a common policy, scheme, or plan that violated the law. *Mancía v. Mayflower Textile Servs. Co.,* CIV.A. No. CCB–08–273, 2008 WL 4735344, at *3 (D. Md. Oct. 14, 2008). Plaintiffs' allegations thus "must

consist of more than 'vague allegations' with 'meager factual support,' but [they] need not enable the court to reach a conclusive determination whether a class of similarly situated plaintiffs exists." *Id.* at *2 (quoting *D'Anna v. M/A–COM, Inc.,* 903 F. Supp. 889, 893 (D. Md. 1995). Moreover, "[w]hen sufficient evidence in the record at the initial 'notice' stage makes it clear that notice is not appropriate, . . . a court can . . . deny certification outright." *Syrja,* 756 F. Supp. 2d at 686 (quoting *Purdham v. Fairfax Cnty. Pub. Sch.,* 629 F. Supp. 2d 544, 547 (E.D. Va. 2009)). Plaintiffs may rely on "affidavits or other means" to make the required showing. *Williams,* 585 F. Supp. 2d at 683; *see also Bouthner v. Cleveland Const., Inc.*, CIV.A. No. RDB-11-0244, 2012 WL 738578, at *4 (D. Md. Mar. 5, 2012); *Ruiz v. Monterey of Lusby, Inc.*, CIV.A. No. DKC 13-3792, 2014 WL 1793786, at *1–2 (D. Md. May 5, 2014).

In this case, Plaintiffs make the requisite factual showing that they are "similarly situated" to other employees who worked for the Defendants during the period in question. First, Plaintiffs' eleven declarations consistently tell of underpayment and unpaid overtime. *See* Mem. in Support of Pls. Mot. for Conditional Certification 7, ECF No. 28; *see also* Pls.' Reply to Defs.' Resp. to Mot. to Certify Class, ECF No. 32. Second, Plaintiffs' declarations consistently attest that Defendants had the authority to control, manage, and direct the Plaintiffs' and other similarly situated employees' work. *See* Mem. in Support of Pls. Mot. for Conditional Certification , at 8. Third, Plaintiffs' declarations all contend that Defendants refused to compensate fully their employees by mandating a "punch-in, punch-out" policy before and after cleaning cars on site. *Id.* Fourth, Plaintiffs uniformly contend that Defendants required employees to clean the work area and attend bi-weekly meetings while they were off the clock. *Id.* at 9. Finally, Plaintiffs claim that they were subject to the same

pay provisions and policies. *Id.* at 12. Taken together, these proffered facts establish the "modest factual showing" necessary for conditional certification of a class.

Defendants' opposition to conditional class certification consists primarily of its argument that minor differences in Plaintiffs' declarations fail to support the minimal showing required of Plaintiffs. Defendants also take issue with class certifications in such cases, given the fact intensive nature of overtime pay valuations. Defendants' arguments, however, are unavailing. The consistencies in the employees' declarations far outweigh any minor incongruities, thus and are sufficient to meet the Plaintiffs' burden. Moreover, the declarations sufficient to establish, at this conditional certification stage at least, that these plaintiffs are "similarly situated" for the purposes of the FLSA.

This Court recognizes that differences among the plaintiffs do exist: namely – rates of pay, duration of tenure, and the location at which the Plaintiffs worked.  However, these minor inconsistencies do not amount to a conclusion that Plaintiffs are necessarily dissimilar. The conceptual and factual core of Plaintiffs' claim is the common employment policies and scheme that led to their alleged undercompensation.

Conditional certification pursuant to § 216(b) is thus warranted for the class of all individuals who worked at Wet Dog or Wet Dog II at any time since January of 2011, who have not been properly compensated for overtime work, or have not received the minimum wage for all hours worked.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Conditional Certification of a Collective Action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act (ECF No. 28) is GRANTED.

A separate Order follows.


Dated:  February 2, 2015                           _____/s/_____
                                                                    Richard D. Bennett
                                                                    United States District Judge